FILED

2013 JAN 29  PM 1: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

SHx

1   **KAZEROUNI LAW GROUP, APC**
2   Abbas Kazerounian, Esq. (SBN: 249203)
    ak@kazlg.com
3   Matthew M. Loker, Esq. (SBN: 279939)
    ml@kazlg.com
4   Jason A. Ibey, Esq. (SBN: 284607)
    jason@kazlg.com
5   2700 N. Main Street, Ste. 1000
    Santa Ana, California 92705
6   Telephone: (800) 400-6808
    Facsimile: (800) 520-5523
7
8   **HYDE & SWIGART**
    Joshua B. Swigart, Esq. (SBN: 225557)
9   josh@westcoastlitigation.com
    411 Camino Del Rio South, Suite 301
10  San Diego, CA 92108
    Telephone: (619) 233-7770
11  Facsimile: (619) 297-1022
12
    Attorneys for Plaintiffs,
13  Frances Macias and Paul Macias

14

15                    UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
16
    FRANCES MACIAS; and PAUL          Case No.: - CV 13 - 00623 DDP
17  MACIAS, individually and on behalf of all
    others similarly situated,         CLASS ACTION
18
                                        CLASS ACTION COMPLAINT FOR
19          Plaintiffs,                 DAMAGES FOR VIOLATIONS OF:
20          v.                          I.  THE FAIR DEBT COLLECTION
                                            PRACTICES ACT, 15 U.S.C. §§ 1692
21  INTEGRITY NATIONWIDE                    ET SEQ.; AND,
    INVESTIGATIONS, INC.; and WATER
22  AND POWER COMMUNITY CREDIT        II.  THE ROSENTHAL FAIR DEBT
    UNION,                                 COLLECTION PRACTICES ACT,
23                                         CAL. CIV. CODE §§ 1788 ET SEQ.
            Defendants.
24                                      JURY TRIAL DEMANDED
25
26                              INTRODUCTION
27  1.  The United States Congress has found abundant evidence of the use of abusive,
28      deceptive, and unfair debt collection practices by many debt collectors, and has

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. FRANCES MACIAS ("Ms. Macias") and PAUL MACIAS ("Mr. Macias"), jointly referred to as "Plaintiffs," bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of INTEGRITY NATIONWIDE INVESTIGATIONS, INC. ("INTEGRITY") and WATER AND POWER COMMUNITY CREDIT UNION ("WATER AND POWER"), jointly referred to as "Defendants," with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by the Plaintiffs, in violation of the federal and California State debt collection laws.

4. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant INTEGRITY's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). This action also arises out of INTEGRITY and WATER AND POWER's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("ROSENTHAL ACT").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

12. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13. Plaintiffs are natural persons who reside in the County of Los Angeles, State of California.

14. INTEGRITY is a corporation whose principal place of business is in the State of California, City of Riverside; and incorporated under the laws of the State of California.

15. WATER AND POWER is a corporation whose principal place of business is in the State

of California, City of Los Angeles; and incorporated under the laws of the State of California.

16. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3).

17. INTEGRITY uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as that phrase in defined by 15 U.S.C. § 1692a(6).

18. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiffs, and are "debtor[s]" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

20. WATER AND POWER regularly sends out notices to consumers alleging that debts are due and that payment must be made in order to avoid legal actions such as (i) a lawsuit; (ii) costly hourly attorney fees; (iii) outside collection agency involvement; and (iv) wage, income, bank and asset seizure. All this is done in an attempt to collect a debt.

21. WATER AND POWER sent such a notice to each plaintiff in this case on or about October 13, 2012.

22. INTEGRITY's Mission Statement, according to its website, states, "Integrity is the cornerstone of our business and the foundation upon building our success in the private investigation **and debt collection industry**." (Bold face added.)  Additionally, the website states, "[i]f an investigator works with us, he or she is one of the best in the private investigation **or debt collection industry**."  (Bold face added.)  Thus, INTEGRITY advertises that it engages in debt collection.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiffs are individuals residing within the State of California and within this judicial district.

24. At all times relevant, Defendants conducted business in the State of California.

25. Prior to September 12, 2012, Plaintiffs allegedly incurred financial obligations to WATER AND POWER.

26. These alleged finance obligations were for personal, family or household purposes, and therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

28. Sometime thereafter, but before September 12, 2012, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of the alleged debt.

29. At some point thereafter, but prior to September 12, 2012, the alleged debt was assigned, placed, or otherwise transferred, to INTEGRITY for collection.

30. On or about September 12, 2012, INTEGRITY, acting as a debt collector under the FDCPA and California's Rosenthal Act, sent a letter to Plaintiffs in an attempt to collect on this alleged debt, as the agent for WATER AND POWER.

31. A few days later, Plaintiff received that letter.

32. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

33. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

34. INTEGRITY failed within five days after its initial communication with Plaintiffs, to provide written notification containing a statement that unless Plaintiffs, within thirty

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

days after receipt of that notice, disputed the validity of the debt, or any portion thereof, INTEGRITY would assume the debt was valid, and failed within five days after its initial communication with Plaintiffs to provide a written notice containing a statement that if Plaintiffs notified INTEGRITY in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, INTEGRITY would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by INTEGRITY and that INTEGRITY would provide Plaintiffs with the name and address of the original creditor. This omission by INTEGRITY violated 15 U.S.C. § 1692g.

35. INTEGRITY, a third party debt collector, failed, in the first written notice initially addressed to Plaintiffs' California address in connection with collecting the alleged debt by INTEGRITY, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the Rosenthal Act.

36. On or about October 13, 2012, WATER AND POWER sent or caused to be sent a dunning letter, dated October 13, 2012, to both Plaintiffs individually, with the only difference between the two letters being the name on the account.

37. This letter constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

38. This letter stated that WATER AND POWER was offering to "STOP THIS LAWSUIT," and "SETTLE OUT-OF-COURT."

39. This letter gave the impression that a lawsuit had been filed against Plaintiffs when, in fact, that was untrue.

40. Through this conduct, WATER AND POWER used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, WATER AND POWER violated Cal. Civ. Code § 1788.17, which expressly incorporates 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) of the FDCPA.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

41. Through this conduct, WATER AND POWER made a false representation concerning the character, amount, or legal status of a debt. Consequently, WATER AND POWER violated Cal. Civ. Code § 1788.17, which expressly incorporates 15 U.S.C. § 1692e(2)(A).

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[INDIVIDUAL CLAIM AGAINST INTEGRITY ONLY]

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, such as the failure to provide the required notice pursuant to 15 U.S.C. § 1692g.

44. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant INTEGRITY.

### CAUSE OF ACTION

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (ROSENTHAL ACT)

[INDIVIDUAL CLAIM AGAINST ALL DEFENDANTS]

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the ROSENTHAL ACT, such as failure to provide the required notice pursuant to Cal. Civ. Code § 1812.700, and violation of Cal. Civ. Code § 1788.17 for making false, deceptive or misleading representations.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

47. As a result of each and every violation of the ROSENTHAL ACT, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

CLASS ALLEGATIONS

48. Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated.

49. Plaintiffs define the "Class 1" as: (i) all persons with addresses within the State of California; (ii) who were sent a written communication by WATER AND POWER that was substantially similar or identical to Plaintiffs' Exhibit 1; (iii) to recover a consumer debt; (iv) who did not at that time have a pending lawsuit against them by WATER AND POWER; (iv) which was not returned undelivered by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

50. Plaintiffs define the "Class 2" as: (i) all persons with addresses within the State of California; (ii) who were sent by INTEGRITY a written communication that was substantially similar or identical to Plaintiffs' Exhibit 2; (iii) to recover a consumer debt; (iv) which was not returned undelivered by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

51. For the purposes hereinafter, Class 1 and Class 2 are referred to jointly as the "Classes."

52. Defendants and their employees or agents are excluded from the Classes.

53. For the purposes hereinafter, only the Second Claim for Relief on a class basis is alleged against WATER AND POWER.

54. Plaintiffs do not know the exact number of persons in the Classes, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

55. The identity of the individual members is ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

56. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a) Whether Defendant/s violated the FDCPA;

b) Whether Defendant/s violated the ROSENTHAL ACT;

c) Whether members of the Classes are entitled to the remedies under the FDCPA;

d) Whether members of the Classes are entitled to the remedies under the ROSENTHAL ACT;

e) Whether members of the Classes are entitled to declaratory relief;

f) Whether members of the Classes are entitled to injunctive relief;

g) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

h) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the ROSENTHAL ACT.

57. Plaintiffs will fairly and adequately protect the interest of the Classes.

58. Plaintiffs have retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

59. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

60. A class action is a superior method for the fair and efficient adjudication of this controversy.

61. Class-wide damages are essential to induce Defendants to comply with the federal and State laws alleged in the Complaint.

62. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA is $1,000, and an additional maximum of $1,000 in an individual action under the ROSENTHAL ACT. Management of these claims is

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1   likely to present significantly fewer difficulties than those presented in many class

2   claims, e.g., securities fraud.

3   63. Defendants have acted on grounds generally applicable to the classes, thereby making

4   appropriate final declaratory relief with respect to the class as a whole.

5   64. Plaintiffs contemplate providing notice to the putative class members by direct mail in

6   the form of a postcard and via Internet website.

7   65. Plaintiffs request certification of a hybrid class combining the elements of Fed. R. Civ. P.

8   23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

9   COUNT I

10   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

11   15 U.S.C. §§ 1692-1692(p) (FDCPA)

12   [CLASS CLAIM AGAINST INTEGRITY ONLY]

13   66. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as

14   though fully stated herein, except for paragraphs 36 through 41.

15   67. The foregoing acts and omissions constitute numerous and multiple violations of the

16   FDCPA, such as the failure to provide the required notice pursuant to 15 U.S.C. § 1692g.

17   68. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual

18   damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful

19   violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

20   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant

21   INTEGRITY.

22   CAUSE OF ACTION

23   COUNT II

24   VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25   Cal. Civ. Code §§ 1788-1788.32 (ROSENTHAL ACT)

26   [CLASS CLAIM AGAINST ALL DEFENDANTS]

27   69. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as

28   though fully stated herein.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

CLASS ACTION COMPLAINT FOR DAMAGES                          PAGE 10 OF 12

70. The foregoing acts and omissions constitute numerous and multiple violations of the ROSENTHAL ACT, such as failure to provide the required notice pursuant to Cal. Civ. Code § 1812.700, and violation of Cal. Civ. Code § 1788.17 for making false, deceptive or misleading representations.

71. As a result of each and every violation of the ROSENTHAL ACT, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against INTEGRITY for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any and all other relief that this Court deems just and proper.

**ADDITIONALLY**, Plaintiffs pray that judgment be entered against WATER AND POWER for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1788.30(b), for each plaintiff and putative class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: January 23, 2013

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By:  /s/   Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT 1

**Water and Power Community** Credit Union
*Powering Your Future™*

10/15/2012

PAUL MACIAS

RE:  Account Suffix:
Loan Balance: $
Amount Due: $

# URGENT COURTESY NOTICE

## LEGAL ACTIONS WILL BE TAKEN AGAINST YOU

### AVOID THESE ACTIONS

❖ STOP THIS LAWSUIT & SETTLE OUT-OF-COURT
❖ PREVENT COSTLY HOURLY ATTORNEY FEES.
❖ AVOID OUTSIDE COLLECTION AGENCY
❖ AVOID WAGE, INCOME, BANK & ASSET SEIZURE

## I CAN HELP YOU!

# LAST CHANCE TO AVOID

## CALL ME...

Credit Resolution Representative
WATER & POWER COMMUNITY CREDIT UNION
213 580-1626

Information about your account may be reported to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report.

Water and Power Community Credit Union | 1053 W. Sunset Boulevard, Los Angeles, CA 90012-2182 | phone: 213.580.1600 | www.wpcu.org

# EXHIBIT 2

*[handwritten]* Faxed Sat 15 at 1:24 pm S.t

SEPTEMBER 12, 2012

FRANCES MACIAS & PAUL MACIAS



RE: Loan ▓▓▓▓▓

Dear Member:

Integrity Nationwide Investigations ("Integrity") has been retained by Water & Power Community Credit Union to locate you and deliver this demand letter. Under California and Federal Law, Integrity is obligated to inform you that **Water & Power Community Credit Union, on its own behalf, is attempting to collect a debt it alleges is owed by you. Any information obtained as a result of this correspondence will be used for the purposes of pursuing satisfaction of that debt.**

Water & Power Community Credit Union informs Integrity that you were granted a loan in good faith, and that you agreed to make monthly payments of $▓▓▓▓ until repaid. According to the records from Water & Power Community Credit Union, you have failed to make the agreed upon payments.

The following is additional information Integrity is obligated to provide to you, as the agent of Water & Power Community Credit Union:

1. The current amount due of the debt is $▓▓▓▓;
2. The debt is owed by you to Water & Power Community Credit Union;
3. Unless you dispute the validity of this debt or any part thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Water & Power Community Credit Union;
4. If you contact Water & Power Community Credit Union, in writing, within thirty (30) days of receiving this notice, and inform Water & Power Community Credit Union that the debt or any portion thereof is disputed, Water & Power Community Credit Union will obtain verification of the debt, and a copy of that verification will be mailed to you by Water & Power Community Credit Union; and
5. Upon your written request, within thirty (30) days of receiving this notice, Water & Power Community Credit Union will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact Water & Power Community Credit Union's Financial Assistance Department at 1-800-300-9728 ext. 1759 and ask for SUSAN VALENZUELA, for additional information.

Sincerely,

Integrity Nationwide Investigations
PI #25684

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 623 DDP (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Abbas Kazerounian, Esq. (SBN: 249203)
KAZEROUNI LAW GROUP, APC
2700 North Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808 ext. 2
Facsimile: (800) 520-5523

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES MACIAS; and PAUL MACIAS, individually and on behalf of all others similarly situated, <br><br>PLAINTIFF(S) <br><br>v. <br><br>INTEGRITY NATIONWIDE INVESTIGATIONS, INC.; and WATER AND POWER COMMUNITY CREDIT UNION, <br><br>DEFENDANT(S). | CASE NUMBER <br><br> CV 13 - 00623 <br><br><br> SUMMONS |

TO:   DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Abbas Kazerounian, Esq._____, whose address is _2700 North Main Street, Suite 1000, Santa Ana, CA 92705_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                            TERRY NAFISI

                                    Clerk, U.S. District Court

                                                            L. MURRAY
Dated: __JAN 29 2013__              By: _____
                                                            Deputy Clerk
                                                        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*