O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES MACIAS; PAUL MACIAS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>INTEGRITY NATIONWIDE INVESTIGATIONS, INC.; WATER AND POWER COMMUNITY CREDIT UNION,<br><br>　　　　　Defendants. | Case No. CV 13-00623 DDP (SHx)<br><br>Order Granting Defendant Integrity's Motion to Dismiss and Dismissing all Other Claims for Lack of Subject Matter Jurisdiction<br><br>Docket No. 26 |

**I. Background**

Plaintiffs Frances Macias and Paul Macias, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), have sued Defendant Integrity Nationwide Investigations, Inc., ("Integrity") under the Federal Debt Collection Practices Act ("FDCPA"). <u>See generally</u> First Amended Complaint ("FAC"). Plaintiffs have sued Integrity and Water and Power Community Credit Union ("Water and Power") (collectively "Defendants") under California's Rosenthal Fair Debt Collection

Practices Act. (Id.)  Plaintiffs assert this Court has federal question jurisdiction and supplemental jurisdiction over the claims in this case.  (FAC ¶ 8.)  Because Integrity is not a "debt collector" within the meaning of the FDCPA, the Court dismisses the FDCPA claim–the sole federal claim in this case.  The Court, thus, no longer has federal question jurisdiction, and supplemental jurisdiction over the remaining state law claims is now improper.

Plaintiffs allegedly incurred a debt to Water and Power.  (FAC ¶¶ 25-26.)  Sometime before September 12, 2012, "Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt."  (FAC ¶ 28.)  On or about September 12, 2012, Integrity sent a letter to Plaintiffs, which they received a few days later, about their alleged debt.  (FAC ¶¶ 30-31.)  By the time that Integrity sent this letter, the FAC alleges that Plaintiff's debt was "assigned, placed, or otherwise transferred, to INTEGRITY for collection."  (FAC ¶ 29.)  Integrity was allegedly acting as Water and Power's agent when it sent this letter, which reads:

> FRANCES MACIAS & PAUL MACIAS
> RE: Loan [Redacted]
> Dear Member:
> Integrity Nationwide Investigations ("Integrity") has been retained by Water & Power Community Credit Union to locate you and deliver this demand letter.  Under California and Federal Law, Integrity is obligated to inform you that Water & Power Community Credit Union, on its own behalf, is attempting to collect a debt it alleges is owed by you.  Any information obtained as a result of this correspondence will be used for the purposes of pursuing satisfaction of that debt.
> Water & Power Community Credit Union informs Integrity that you were granted a loan in good faith, and that you agreed to make monthly payments of $[redacted] until repaid.  According to the records from Water & Power Community Credit Union, you have failed to make the agreed upon payments.

|   |   |
|---|---|
| 1 | The following is additional information Integrity is obligated to provide to you. as the agent of Water & Power Community Credit Union: |
| 2 | |
| 3 | 1. The current amount due of the debt is $[redacted]: |
| 4 | 2. The debt is owed by you to Water & Power Community Credit Union: |
| 5 | 3. Unless you dispute the validity of this debt or any part thereof.[sic] within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Water & Power Community Credit Union: |
| 6 | |
| 7 | 4. If you contact Water & Power Community Credit Union, in writing, within thirty (30) days of receiving this notice and inform Water & Power Commun11y Credit Union that the debt or any portion thereof is disputed, Water & Power Community Credit Union will obtain verification of the debt, and a copy of that verification will be mailed to you by Water & Power Community Credit Union: and |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | 5. Upon your written request, within thirty (30) days of receiving this notice, Water & Power Community Credit Union will provide you with the name and address of the original creditor, if different from the current creditor. |
| 13 | |
| 14 | Please contact Water & Power Community Credit Union's Financial Assistance Department at 1-800-300-9728 ext. 1759 and ask for SUSAN VALENZUELA, for additional information. |
| 15 | |
| 16 | |
| 17 | Sincerely,<br>Integrity Nationwide Investigations<br>PI#25684 |

(FAC ¶ 30, Ex.1.)  No other communication between Plaintiffs and Integrity is alleged.  (See generally id.)

The FAC alleges:

> INTEGRITY uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as that phrase in defined by 15 U.S.C. § 1692a(6).
> . . . .
> INTEGRITY's Mission Statement, according to its website, states, "Integrity is the cornerstone of our business and the foundation upon building our success in the private investigation and debt collection industry." Additionally, the website states, "[i]f an investigator works with us, he or she is one of the best in the private investigation or

3

> debt collection industry." Thus, INTEGRITY advertises that it engages in debt collection.

(FAC ¶¶ 17, 22, 30.)

## II. **Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for

4

relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. Analysis

Integrity argues it is not a "debt collector" under the FDCPA. "The FDCPA regulates the conduct of debt collectors." Baker v. Trans Union LLC, No. CV-10-8038-PCT-NVW, 2010 WL 2104622, at * 8 (D. Ariz. May 25, 2010) (unpublished). The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). A debt collector is one "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. at § 1692(a)(6). Thus, unless (1) debt collection is the principal purpose of a business or (2) a business regularly attempts to collect debts, either directly or indirectly, that business is not a debt collector. See id.; Romine v. Diversified Collection Servs., Inc., 155 F.3d 1142, 1145 (9th Cir. 1998). Plaintiffs' brief does not argue that Integrity is a debt collector under the first prong, but it does argue the second applies. (See generally Plaintiff's Opposition Brief at 7-14, Docket No. 34.)

In determining whether a business "regularly" collects debts, the Ninth Circuit has sought guidance from the following

legislative history of the FDCPA: "The requirement that debt collection be done 'regularly' would exclude a person who collects debt for another in an isolated instance, but would include those who collect for others in the regular course of business." Romine, 155 F.3d at 1146. The terms "directly" and "indirectly" appear to turn on whether a debt collector is collecting a debt that it is due to it or whether the debt collector is assisting a debt owner collect a debt. See id. at 1146 n.2, 1146-47.

The Ninth Circuit has suggested that an entity engaged in "mere information gathering or message delivery" is not a debt collector. See id. at 1149. In deciding, though possibly in dicta, that Western Union was engaged in more than such activities, the Ninth Circuit in Romine emphasized the FDCPA's purpose, which "is to limit harassing, misleading, and fraudulent contacts and communications with or about consumer debtors." Id. In Romine Western Union sent telegrams to debtors that instructed them to call in and provide their contact information in order to receive their telegram message, which was a recording from a debt collection agency. Id. at 1144. The Ninth Circuit concluded that sending the telegram deceptively created a sense or urgency. Id. at 149. Indeed, Western Union marketed their service as a "revolutionary new collection service," because the "urgency of the Western Union name . . . helps stimulate . . . recoveries from debtors who have not responded to previous collection attempts." Id. at 1147. The Ninth Circuit found that Western Union's activities were "the type that the FDCPA was designed to deter." Id. at 1149. At least one district court in this Circuit relied on Romine to determine a skip tracer, who was "in the business of

6

locating debtors to facilitate the collection of debts by creditors," was not a debt collector when it called a debtor asking for her address and disclosed that the purpose of the call was debt collection.  Baker, 2010 WL 2104622 at * 7, 9.

In this case, nothing indicates that Integrity engaged in anything beyond information gathering and message delivery. Plaintiffs allege that Integrity markets itself as being "in the private investigation or debt collection industry."  (FAC ¶ 22.) However, one could be engaged in nothing more than information gathering and message delivery and still take part in debt collection industry without being a debt collector under the FDCPA. See Romine, 155 F.3d at 1149; Baker, 2010 WL 2104622 at * 9. Integrity's letter to Plaintiffs, which consisted of the sole alleged communication between the parties, states: "Integrity Nationwide Investigations ("Integrity") has been retained by Water & Power Community Credit Union to locate you and deliver this demand letter."  This language and the limited interactions between Plaintiffs and Integrity indicate that Integrity's role was to find and deliver a message to Plaintiffs on behalf of Water and Power.

Moreover, the FAC does not allege Integrity committed abusive, harassing, or deceptive activities–the type of activities that the FDCPA was designed to prevent.  Compare FAC, with 15 U.S.C. § 1692d (listing examples of improper behavior).  To the contrary, Integrity's sole communication with Plaintiffs, the letter, was professional and respectful.  (See FAC Ex. 2.)

Had Integrity tried to collect a debt it owned, its activities might have gone beyond mere information gathering and message delivery.  Plaintiffs, indeed, allege that "the alleged debt was

7

assigned, placed, or otherwise transferred, to INTEGRITY for collection" before Integrity sent Plaintiffs the letter (See FAC ¶¶ 29.) This allegation is implausible in light of the rest of the allegations in and exhibits attached to the FAC. For instance, in the paragraph following the previously quoted language, the FAC alleges that Integrity was acting as Water and Power's agent when it sent the letter to Plaintiffs. (FAC ¶ 30.) The letter, which Plaintiffs incorporate into the FAC as an exhibit, states that "Water & Power . . . is attempting to collect a debt," and the "debt is owed by you [Plaintiffs] to Water & Power." (FAC Ex. 2.) Another exhibit to the FAC, dated about one month after Integrity sent its letter, is a letter from Water and Power to Plaintiffs warning that Water and Power would take legal action against Plaintiffs if they did not contact Water and Power about the outstanding debt. (FAC Ex. 1.) The FAC and its exhibits refute that Integrity owned Plaintiff's debt. The Court is not required to accept as true implausible allegations. Twombly, 550 U.S. at 555-56.

Finally, the FAC recites the FDCPA's definition of "debt collector" and alleges that Integrity meets the requirements. Compare FAC ¶ 17, with 15 U.S.C. § 1692a(6). A "formulaic recitation of the elements" of the FDCPA's definition of "debt collector" is a conclusory allegation that the Court is not required to accept as true. See Iqbal, 556 U.S. at 678. For the reasons discussed, Plaintiffs do not allege that Integrity is a "debt collector" within the meaning of the FDCPA.[1]

---

[1] Plaintiffs' contrary authority is inapposite. Plaintiff cites three
(continued...)

### IV. Conclusion

Plaintiffs' FDCPA claim against Integrity is dismissed. In deciding to dismiss another plaintiff's FDCPA claims with prejudice, a recent District of Arizona court held: "Though the claims may theoretically be cured by alleging additional facts indicating that [defendant's] conduct exceeded the scope of mere information gathering, allowing [plaintiff] to amend the Complaint would be futile because none of her rather specific allegations even remotely reflects conduct that goes beyond mere information gathering." Baker, 2010 WL 2104622 at * 9. The same could be said for Plaintiffs here, so the Court dismisses the FDCPA claim against Integrity with prejudice.

///

///

///

---

[1](...continued)
post-Romine cases from within this Circuit. Plaintiffs rely on Freeman v. ABC Legal Servs. Inc., 827 F. Supp. 2d 1065 (N.D. Cal. 2011), but that case involved allegations of deceptive and abusive actions. Id. (noting that Plaintiffs alleged that "Defendants have composed and sold false and misleading Proof of Service of Summons documents more than forty times in California in the year preceding the filing of her complaint.") The second is Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051 (C.D. Cal. 2009). That case involved a different issue, as it analyzed whether employees of an undisputed debt collector could be held "personally liable under the FDCPA for acts committed during the scope of employment." Id. at 1057 n.2, 1059. Finally, Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1097-98 (C.D. Cal. 2006) does not analyze or cite Romine's language suggesting that mere information gathering and message delivery will not qualify an entity as a debt collector. This language is important, as it was written in response to concerns that the case's holding "would bring a host of service providers within the statute's reach." See Romine, 155 F.3d at 1149. Additionally, the issue in Oei was whether the defendants qualified for one of the FDCPA's listed "debt collector" exceptions, not whether the defendants were engaged only in information gathering and message delivery. See Oei, 486 F. Supp. 2d at 1097-98.

9

1    Additionally, the action in its entirety is dismissed because
2 the Court declines to exercise supplemental jurisdiction over the
3 remaining claims.  Accordingly, the remaining motions (NOS. 17 AND
4 28) are VACATED

6 IT IS SO ORDERED.

9 Dated: May 17, 2013

                                    DEAN D. PREGERSON
                                    United States District Judge

10